UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 16-14521-CV-JEM/BER

DANIEL GILROY,

                Plaintiff,

vs.

R. SEAN BALDWIN, and
CITY OF FORT PIERCE,

                Defendants.
_____/

## REPORT AND RECOMMENDATION ON MOTION FOR BILL OF COSTS
## [ECF No. 217, 218]

As prevailing parties, the City of Fort Pierce and individual defendant R. Shawn Baldwin (collectively "Defendants") move for taxable costs under Fed. R. Civ. P. 54(d) and 28 U.S.C. § 1920.[1] For the reasons stated below, it is RECOMMENDED that the Motion for Bill of Costs be GRANTED and the Plaintiff be taxed $5,942.28 in costs.

---

[1] They separately have moved for attorneys' fees (including appellate attorneys' fees) and additional costs under 42 U.S.C. § 1988 and 28 U.S.C. § 1927. ECF Nos. 226, 238. Those motions will be addressed in a separate order.

Defendants also have moved for sanctions under Rule 11 and 28 U.S.C. § 1927. ECF Nos. 222, 223. I have taken those motions under advisement pending resolution of the attorneys' fees and costs motions. ECF No. 240.

## PROCEDURAL HISTORY

Daniel Gilroy is a former police officer for the City of Fort Pierce. He was fired from that position. In November 2016, he sued the City and its former police chief (Baldwin), and city attorney (Schwerer) on the theory that his firing was retaliation for exercising his First Amendment rights to speech and association. ECF No. 1. The Complaint alleged three counts: (1) violating 42 U.S.C. § 1983 by retaliating against Mr. Gilroy for his protected First Amendment activity, (2) depriving Mr. Gilroy of his property (i.e., his government job) without due process, in violation of Article I, § 9 of the Florida Constitution, and (3) the Civil Service Appeals Board ("CSAB")that reviewed Mr. Gilroy's firing was improperly constituted. ECF No. 1. Mr. Baldwin was sued in both his individual and official capacities.

Defendants moved to dismiss the Complaint for failure to state a claim upon which relief could be granted. ECF No. 14. Rather than litigate the Motion to Dismiss, Mr. Gilroy filed an Amended Complaint against the same three Defendants ECF No. 25. Its four counts alleged, respectively, (1) a violation of § 1983 based on freedom of association, (2) a violation of § 1983 based on freedom of speech, (3) a violation of Article I, § 9 based on deprivation of a government job without due process, and (4) a declaration that the CSAB was improperly constituted. *Id*. Defendants again moved to dismiss for failure to state a claim. ECF No. 32.

On March 16, 2018, the Court granted Defendant's Motion to Dismiss the Amended Complaint without prejudice. ECF No. 95. The Court held that the Amended Complaint was a shotgun pleading, but granted leave to amend. *Id*.

Plaintiff then filed a Corrected Second Amended Complaint on April 3, 2018, dropping his claims against Mr. Schwerer, but otherwise bringing the same claims against Mr. Baldwin and the City. ECF No. 100.

Defendants moved to dismiss the Second Amended Complaint. ECF Nos. 101, 102. On March 26, 2019, the Court granted the Motion to Dismiss in part and denied it in part. ECF No. 117. The Court held that the Second Amended Complaint was not a shotgun pleading. It dismissed the claims under Article I, § 9 with prejudice. It also dismissed the claims against Mr. Baldwin in his official capacity. It dismissed the free speech claim against the City. The remainder of the claims were allowed to proceed. ECF No. 117.

Thereafter, Defendants and Plaintiff filed Motions for Summary Judgement. ECF Nos. 135, 136, 139, & 149. On February 27, 2020, Magistrate Judge Brannon recommended granting the Defendants' motions for summary judgment because, as a matter of law, Plaintiff could not show that there was a basis for official or individual liability under 42 U.S.C. § 1983. He also recommended that the state law claim be dismissed without prejudice to be re-filed in state court. ECF No. 194. Judge Martinez adopted the Report and Recommendation on March 18, 2020. ECF No. 200. Final Judgement was entered in favor of Defendants on April 14, 2020. ECF No. 201.

Plaintiff filed a timely appeal. ECF No. 202. Defendants moved for an award of costs and to bifurcate the determination of entitlement to attorney's fees from the determination of the amount. ECF Nos. 205, 206. Judge Brannon denied these

requests without prejudice to them being raised after the appeal was decided. ECF No. 210.

On January 29, 2021, the Eleventh Circuit affirmed the District Court's decision "in full." ECF No. 214 at 14. The mandate issued on January 29, 2021. *Id.* at 2.

Defendants renewed their request for attorneys' fees and costs, including a motion in the Court of Appeals for appellate attorneys' fees. ECF Nos. 217, 218, 224, 226, 238. The Court of Appeals transferred the issue of appellate fees and costs to this Court. ECF No. 226.

All post-judgment matters have been referred to me for a Report and Recommendation. ECF Nos. 209, 232.

## LEGAL PRINCIPLES

Federal Rule of Civil Procedure 54(d) creates a presumption in favor of awarding costs to the prevailing party. *See Manor Healthcare Corp. v. Lomelo*, 929 F.2d 633, 639 (11th Cir. 1991). However, this presumption is not without limits, and courts may only tax costs as authorized by statute. *See U.S. EEOC v. W&O, Inc.*, 213 F.3d 600, 620 (11th Cir. 2000) (citing *Crawford Fitting Co. v. J.T. Gibbons, Inc.*, 482 U.S. 437, 445 (1987)).

"Section 1920 enumerates expenses that a federal court may tax as a cost under the discretionary authority found in Rule 54(d)." *Crawford Fitting Co.*, 482 U.S. at 441–42. This section provides in part:

> A judge or clerk of any court of the United States may tax as costs the following:

(1) Fees of the clerk and marshal;

(2) Fees for printed or electronically recorded transcripts necessarily obtained for use in the case;

(3) Fees and disbursements for printing and witnesses;

(4) Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case;

(5) Docket fees under section 1923 of this title;

(6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

28 U.S.C. § 1920. Under Federal Rule of Appellate Procedure 39(e), a district court may also tax costs incurred on appeal, "but they are constrained to award only those costs that are enumerated in Rule 39(e)." *Miccosukee Tribe of Indians of Florida v. United States*, No. 04–21448, 2011 WL 13100074, at *2 (S.D. Fla. Aug. 3, 2011) (J. Goodman), *report and recommendation adopted*, 2011 WL 13100075 (S.D. Fla. Aug. 24, 2011) (J. Gold).

It is well settled that Section 1920 should be narrowly construed. *West v. Zacharzewski*, 2019 WL 2567665, at 2* (S.D. Fla. May 29, 2019) (J. Maynard). The party seeking to tax costs must justify its request with specific evidence:

> The movant must not only show that the costs claimed are recoverable, but must also provide *sufficient detail and sufficient documentation* regarding those costs in order to permit challenges by opposing counsel and meaningful review by the court. *See Lee v. American Eagle Airlines, Inc.,* 93 F.Supp.2d 1322, 1335 (S.D.Fla.2000) (movant "bears the burden of submitting a request for expenses that would enable the court to determine what expenses were incurred and whether Plaintiff is entitled to them") (citing *Loranger v. Stierheim,* 10 F.3d 776, 784 (11th

> Cir.1994)). The movant should justify its cost claims by adequately describing the necessity of the services provided and their relationship to the case. *See Davis v. Commercial Union Ins. Co.,* 892 F.2d 378, 385 (5th Cir.1990) (ruling that the district court did not abuse its discretion in denying costs where "the affidavit in support of the motion for costs 'fail[ed] to set out with sufficient particularity [the expenditures] in order for the Court to determine the reasonableness' of the costs."). Indeed, failure to submit supporting documentation verifying the costs incurred and the services rendered (e.g., bills, invoices, receipts, etc.) can be grounds for denial of costs. *See Johnson v. Mortham,* 173 F.R.D. 313, 318 (N.D.Fla.1997).

*Porcelanas Florencia, S.A. v. Caribbean Resort Suppliers, Inc.,* 06-22139-CIV, 2009 WL 1456338, at *6 (S.D. Fla. May 22, 2009).

The overarching principle is that taxable costs must have been necessarily incurred for use in the case, and not merely for the convenience of counsel. For example, printed or electronically recorded transcripts necessarily obtained for use in the case may be taxed pursuant to Section 1920(2). *See Bynes-Brooks v. N. Broward Hosp. Dist.*, No. 16-cv-60416, 2017 WL 3237053, at *1 (S.D. Fla. July 31, 2017) (J. Bloom) (citing *W&O*, 213 F.3d at 620-21). However, extra fees for items such as shipping, exhibits, expedited copies, condensed transcripts and CD-ROMs are generally not recoverable. *George v. Florida Dept. of Corrections*, No. 07-80019, 2008 WL 2571348, *6 (S.D. Fla. May 23, 2008) (J. Rosenbaum); *Suarez v. Tremont Towing, Inc.*, No. 07-21430, 2008 WL 2955123, *3 (S.D. Fla. Aug. 1, 2008) (J. Simonton). Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case may be taxed pursuant to Section 1920. 28 U.S.C. § 1920(4). However, copies obtained only for the convenience of counsel are not recoverable. *W&O, Inc.*, 213 F.3d 600, 623. The party moving for an award of

copying costs has the burden of showing that the copies were necessarily obtained for use in the case. *See Desisto Coll., Inc. v. Town of Howey-In-The-Hills*, 718 F. Supp. 906, 913 (M.D. Fla. 1989), *aff'd sub nom. Desisto Coll., Inc. v. Line*, 914 F.2d 267 (11th Cir. 1990) (declining to award costs for copies because the defendants failed to itemize copies necessarily obtained for use in the case and those obtained for the convenience of counsel).

The Court retains discretion to decline to award some or all of the prevailing party's costs. *Campbell v. Rainbow City, Alabama,* 209 Fed. Appx. 873, 875 (11th Cir. 2006). But, "a 'persuasive reason' " is required. *Friends of Everglades v. S. Florida Water Mgmt. Dist.*, 865 F. Supp. 2d 1159, 1165 (S.D. Fla. 2011) (J. Altonaga) (citing Charles Alan Wright, et al., Federal Practice and Procedure § 2668 (3d ed.1998)).

## DISCUSSION

Defendants filed a Bill of Costs seeking $17,152.36. ECF No. 218. The categorized costs were:

| | |
|---|---|
| Fees for service of summons and subpoena | $1,095 |
| Fees for transcripts necessary for use in the case | $12,655.50 |
| Fees for printing | $586.25 |
| Fees for witnesses | $91.75 |
| Fees for copying necessary for use in the case | $2,723.86 |

ECF No. 218.² In his Response, Mr. Gilroy agrees that there are $5272 in taxable costs; he contests all of the copying costs, all but $6.75 of the printing costs, and $8,577 of the Court Reporter fees. ECF No. 228 at 2.

1. Process Server Fees

It is well-settled that private process server fees may be taxed pursuant to Section 1920, provided they do not exceed the service rates charged by the U.S. Marshal's Service. *W & O, Inc.*, 213 F.3d at 624; *Davis v. Sailormen, Inc.*, No. 6:05-cv-1497-Orl-22JGG, 2007 WL 1752465, at *2–3 (M.D. Fla. June 15, 2007) (awarding costs for service of subpoenas based on Marshal's rates). The current regulations provide that the Marshal's Service charges $65.00 per hour for each subpoena served. *See* 28 C.F.R. § 0.114.

Here, Plaintiff seeks to recover $1,095 in service of process expenses, none of which individually exceed $65. Given that the statute specifically provides for these costs, and that Defendant does not object to them, I recommend that Plaintiff's request to recover these costs be granted.

2. Witness Fees

Defendants seek $91.75 for witness fees paid to Karen Ambrum and Richard Reed. Plaintiff does not object and § 1920 specifically allows for these costs to be taxed. I recommend that Plaintiff's request to recover these costs be granted.

---

² Defendants have not requested costs associated with the appeal, *see* ECF No. 226, so none are awarded.

3. Fees for Printing

Defendants seek $586.25 for printing costs. Four items comprise these costs. One is for $46.75 paid to Home Depot USA for "Plaintiff's employment records pursuant to non-party subpoena." ECF No. 218 at 5. This expense includes a $15 "Standard Flat Fee" and $15 for "Shipping/Common Carrier/UPS." *Id.* at 44. The second is to D4, LLC for $268.75 for "Print Charges for documents (3,605 pages) produced by Plaintiff in response to Requests to Produce." ECF No. 218 at 5; *id.* at 43. The third is for $72.37 for print charges for 495 pages of documents "produced by Plaintiff in Plaintiff's Supplemental Rule 26 Disclosure." *Id.* at 5; *see id.* at 45. Finally, the fourth item is for $198.38 for print charges for 1,684 documents "produced by Plaintiff in response to Requests for Production." *Id.* at 5; *see id* at 46.

Defendants represent that the Home Depot records related to Plaintiff's former employment. ECF No. 217 at 5. Plaintiff does not object to the $6.75 for copying, but objects to the balance. The $15 "Standard Flat Fee" appears to be a service charge assessed by Home Depot, not a printing expense, so it should be disallowed. The $15 shipping fee is not recoverable. *Porcelanas*, 2009 WL 1456338, at *7 (neither postage nor courier fees are recoverable under § 1920). The balance of $6.75 is recoverable.

As to the remaining printing charges, Defendants summarily represent, "Plaintiff produced roughly 7,070 pages of documents to Defendant during the two rounds of discovery in this matter . . . These printing costs of some of the documents produced by Plaintiff – totaling 5,784 pages produced to Defendant via responses to

9

Requests to Produce and Plaintiff's Rule 26 Disclosures – are recoverable as copies attributable to discovery in this matter." ECF No. 217 at 5.

The evidence in support of this request is (1) an invoice from D4 LLC that merely states that 3,605 black and white pages were printed at .07 per page, ECF No. 218 at 43, (2) an invoice from Orlando Legal Document Services reflecting that 462 black and white copies (at .09 per page) and 33 color prints (at .79 per page) were printed on 3 hole paper. ECF *id.* at 45, (3) an invoice from Orlando Legal Document Service for 1,684 pages of "light litigation file copies" at .11 per page. *Id.* at 46. The unsworn pleading and the supporting invoices are not sufficient for the Court to conclude that printing out 80% of the Plaintiff's discovery production was necessary to the litigation of this matter and not merely for the convenience of counsel. No printing costs should be awarded.

4. Transcripts

Defendants seek $12,655.50 for transcripts. Of that, $5976 is for transcriptions of audio recordings of pre-litigation events related to Mr. Gilroy's termination. The balance is for depositions in this case. Plaintiff does not object to $4,089.50 of the deposition-related fees.

Plaintiff objects to rates of $17 per page, $ 7.75 per page, and $7 per page for transcriptions. Plaintiff also objects to "restroking fees" and Court reporter appearance fees. Plaintiff further objects to $962.50 in costs for videography and DVDs of Mr. Gilroy's deposition.

Rates of $7, $7.75, and $17 per page for non-expedited transcripts is excessive. The taxable amount is $4.02 per page, which conforms to the Southern District of Florida fee schedule. *Patsalides v. City of Fort Pierce*, 15-14431-CIV, 2017 WL 10402989, at *4 (S.D. Fla. Sept. 20, 2017) (J. Maynard), *report and recommendation adopted,* 2017 WL 10402991 (S.D. Fla. Nov. 22, 2017) (awarding $4.02 per page).

Stenographer appearance fees are taxable costs under § 1920. *See, e.g., Kennedy v. Omegagas & Oil, LLC*, 17-80103-CIV, 2019 WL 6040301, at *2 (S.D. Fla. Jan. 8, 2019) (J. Brannon), *report and recommendation adopted sub nom. Kennedy v. Omega Gas & Oil, LLC,* 9:17-CV-80103, 2019 WL 6040306 (S.D. Fla. Jan. 24, 2019); *Joseph v. Nichell's Caribbean Cuisine, Inc.,* 950 F. Supp. 2d 1254, 1259 (S.D. Fla. 2013) (J. Rosenbaum); *Whittier v. City of Sunrise*, 07-60476-CIV, 2008 WL 5765868, at *5 (S.D. Fla. Dec. 3, 2008) (J. Rosenbaum), *report and recommendation adopted,* 07-60476-CIV, 2009 WL 799432 (S.D. Fla. Mar. 24, 2009). Defendants' Reply states that the "restroking fee" is the equivalent of an appearance fee when the stenographer transcribes a historical proceeding. This representation is confirmed by the fact that no appearance fee is charged for the proceedings that involve a restroking fee. The appearance fees and restroking fees should be taxed.

Plaintiff argues that the transcripts of the pre-litigation audio recordings were for the convenience of counsel. I disagree. The pre-litigation proceedings were central to Mr. Gilroy's claims, particularly Count III. These transcriptions were necessarily

obtained for use in this litigation. They should be allowed as taxable costs, but at a reduced per-page rate.[3]

The final contested item is the invoice from First Choice Reporting for $962.50 for videotaping Plaintiff's deposition and producing 4 DVDs of that deposition. ECF No. 218 at 34. The invoice bills by the hour, only: $250 for the first hour, $95 per hour for the next 6 hours, plus $142.50 for "additional hours." *Id.* Defendants have not offered any justification why it was necessary to videotape this deposition. Therefore, this cost should be disallowed.

5. Copying

Defendants ask for $2,783.86 for copying charges at an in-house copying rate of .15 per page. I find that the .15 per page rate is reasonable. *See Levy v. Remy Cointreau USA, Inc.,* No. 14-20906-CV, 2015 WL 12868176, at *5 (S.D. Fla. Mar. 31, 2015) (J. Otazo-Reyes) (approving rate of .14 per page) *report and recommendation adopted*, 14-CV-20906-UU, 2015 WL 12866378 (S.D. Fla. June 11, 2015).

Section 1920 specifically allows a prevailing party to recover fees for "the costs of making copies of any materials where the copies are necessarily obtained for use in the case." 28 U.S.C. § 1920(4).

> "The party moving for an award of copy costs has the burden of showing that the copies were necessarily obtained for use in the case." The moving party must present evidence "regarding the documents copied including their use or intended use." This evidence should include information regarding the purpose of the copies, whether the copies were related to the action, and what the copies were for.

---

[3] The invoices show that the transcripts of the pre-litigation events comprise 164 pages. ECF No. 218 at 36–38. At $4.02 per page, the taxable amount is $659.28.

*Levy*, 2015 WL 12868176, at *4 (citations omitted), *report and recommendation adopted,* 2015 WL 12866378 (S.D. Fla. June 11, 2015). Simply making unsubstantiated claims that such documents were necessary is insufficient to permit recovery. *Porcelanas*, 2009 WL 1456338, at *7. This requirement is particularly acute for requests to tax costs related to printing out discovery materials. Now, it is customary to produce documents in electronic format; these documents can easily and inexpensively be reviewed and organized in that format.

The totality of Defendants' justification for these copying expenses is the following unsworn statements in a memorandum of law in support of their Bill of Costs:

> As set forth above, Defendant is entitled to "[c]opies attributable to discovery, copies of pleadings, correspondence, documents tendered to the opposing party, copies of exhibits, and documents prepared for the Court's consideration are recoverable." *Desisto,* 718 F. Supp. at 913. Also as relayed above, there was an extensive document production in this matter – with the parties exchanging over 14,000 pages of documents during discovery. To that end, Defendants' chart seeks to recover the costs of copying Plaintiff's employment records obtained from the City, as well as the Police Department, which were central to this case, and used throughout the litigation of this matter in discovery and as record evidence in the summary judgement. Defendants likewise seek to recover copy costs for the voluminous records used in carrying out the two rounds of discovery in this case, including several depositions. Additionally, Defendants seek to recover the copy costs of the voluminous records used in drafting and submitting to this Court two rounds of Motions for Summary Judgement on behalf of the Defendants, as well as in drafting Responses and Replies during the two rounds of dispositive motions. Lastly, as summary judgement was granted shortly before trial was set to start, Defendants seek recovery of copy costs incurred in trial prep. Thus, Defendants seek a recovery of copy costs totaling $2,723.86.

ECF No. 217 at 6. As with the requested printing costs discussed above, Defendants have not provided sufficient detail to permit the Court to assess what records were copied for which of the asserted purposes. It may be that some of these copies were necessarily obtained for use in the case, but the Court cannot conclude on the existing record that *all* of them were. So, because the Court cannot properly differentiate taxable costs from non-taxable costs, Defendants have not met their burden. No copying costs should be taxed.

## **REPORT AND RECOMMENDATION**

Accordingly, this Court **RECOMMENDS** that the District Court tax $5,942.28 in costs pursuant to 28 U.S.C. § 1920 as follows:

| | |
|---|---|
| Process Server Fees: | $ 1,095.00 |
| Witness Fees: | $     91.75 |
| Printing: | $       6.75 |
| Transcripts: | $ 4,748.78 |
| Copying: | $       0.00 |

## **NOTICE OF RIGHT TO OBJECT**

A party shall serve and file written objections, if any, to this Report and Recommendation with the Honorable Jose E. Martinez, , United States District Judge for the Southern District of Florida, within **FOURTEEN (14) DAYS** of being served with a copy of this Report and Recommendation. Failure to timely file objections shall constitute a waiver of a party's "right to challenge on appeal the district court's order

based on unobjected-to factual and legal conclusions." 11th Cir. R. 3-1 (2016).

**If counsel do not intend to file objections, they shall file a notice advising the District Court within FIVE DAYS of this Report and Recommendation.**

**DONE and SUBMITTED** in Chambers this 2nd day of November, 2021, at West Palm Beach in the Southern District of Florida.

_____
BRUCE E. REINHART
UNITED STATES MAGISTRATE JUDGE