UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 16-14521-CV-JEM/BER

DANIEL GILROY,

                Plaintiff,

vs.

R. SEAN BALDWIN, and
CITY OF FORT PIERCE,

                Defendants.
_____/

## REPORT AND RECOMMENDATION ON RENEWED MOTION FOR ATTORNEYS' FEES [ECF No. 238]

The City of Fort Pierce and individual defendant R. Shawn Baldwin (collectively "Defendants") ask this Court to award them prevailing party attorneys' fees and non-taxable costs under 42 U.S.C. §1988 or 28 U.S.C. §1927. For the reasons stated below, it is RECOMMENDED that the Motion be DENIED.

### BACKGROUND

Daniel Gilroy was a police officer for the City of Fort Pierce beginning in 2003.[1] He was fired from that position in or about 2015. At that time, R. Shawn Baldwin was the Chief of Police. The allegations that led to Mr. Gilroy's firing were insubordination, neglect of duty, and untruthfulness. After a predetermination

---

[1] Unless otherwise noted, all facts are taken from Judge Brannon's Report and Recommendation on the motions for summary judgment. ECF No. 194.

hearing, Chief Baldwin recommended to the City Manager, Robert Bradshaw, that Mr. Gilroy be fired. Mr. Bradshaw adopted that recommendation. Mr. Gilroy then sought a post-termination hearing before a Civil Service Appeal Board (CSAB). The CSAB determined there was good cause to fire Mr. Gilroy for some, but not all, of the grounds used by Mr. Bradshaw.

In November 2016, Mr. Gilroy sued the City, Chief Baldwin, and the City Attorney on the theory that his firing was retaliation for exercising his First Amendment rights to speech and association. ECF No. 1. The Complaint alleged three counts: (1) violating 42 U.S.C. § 1983 by retaliating against Mr. Gilroy for his protected First Amendment activity, (2) depriving Mr. Gilroy of his property (i.e., his government job) without due process, in violation of Article I, § 9 of the Florida Constitution, and (3) the CSAB that reviewed Mr. Gilroy's firing was improperly constituted. ECF No. 1. Mr. Baldwin was sued in both his individual and official capacities.

Defendants moved to dismiss the Complaint for failure to state a claim upon which relief could be granted. ECF No. 14. Rather than litigate the Motion to Dismiss, Mr. Gilroy filed an Amended Complaint against the same three Defendants. ECF No. 25. Its four counts alleged, respectively, (1) a violation of § 1983 based on freedom of association, (2) a violation of § 1983 based on freedom of speech, (3) a violation of Article I, § 9 based on deprivation of a government job without due process, and (4) a declaration that the CSAB was improperly constituted. *Id.* Defendants again moved to dismiss for failure to state a claim. ECF No. 32.

On March 16, 2018, the Court granted Defendant's Motion to Dismiss the Amended Complaint without prejudice. ECF No. 95. The Court held that the Amended Complaint was a shotgun pleading but granted leave to amend. *Id*. The Court did not analyze the merits of the claims.

Plaintiff then filed a Corrected Second Amended Complaint on April 3, 2018, dropping his claims against the City Attorney, but otherwise bringing the same claims against Chief Baldwin and the City. ECF No. 100.

Defendants moved to dismiss the Corrected Second Amended Complaint. ECF Nos. 101, 102. On March 26, 2019, the Court granted the Motion to Dismiss in part and denied it in part. ECF No. 117. The Court held that the Corrected Second Amended Complaint was not a shotgun pleading. It dismissed the claims under Article I, § 9 with prejudice because an adequate post-deprivation remedy existed under state law. It also dismissed the claims against Mr. Baldwin in his official capacity. It dismissed the free speech claim against the City. The remainder of the claims were allowed to proceed. ECF No. 117.

Thereafter, Defendants and Plaintiff filed Motions for Summary Judgement. ECF Nos. 135, 136, 139, & 149. On February 27, 2020, Magistrate Judge Brannon recommended granting the Defendants' motions for summary judgment on Counts I and II because, as a matter of law, Plaintiff could not show that there was a basis for official or individual liability under 42 U.S.C. § 1983. He also recommended that the state law claim relating to the CSAB (Count IV) be dismissed without prejudice to be re-filed in state court ECF No. 194. Judge Martinez adopted the Report and

Recommendation on March 18, 2020. ECF No. 200. Final Judgement was entered in favor of Defendants on April 14, 2020. ECF No. 201.

Plaintiff filed a timely appeal. ECF No. 202. Defendants moved for an award of costs and to bifurcate the determination of entitlement to attorney's fees from the determination of the amount. ECF Nos. 205, 206. Judge Brannon denied these requests without prejudice to them being raised after the appeal was decided. ECF No. 210.

On January 29, 2021, the Eleventh Circuit affirmed the District Court's decision "in full." ECF No. 214 at 14. The mandate issued on January 29, 2021. *Id.* at 2.

Defendants renewed their request for attorneys' fees and costs, including a motion in the Court of Appeals for appellate attorneys' fees. ECF Nos. 217, 218, 224, 226, 238. The Court of Appeals transferred the issue of appellate fees and costs to this Court. ECF No. 226. Mr. Gilroy filed a Response. ECF No. 245. Defendants filed a Reply. ECF No. 246.

Defendants have also moved for sanctions under Rule 11 and 28 U.S.C. § 1927. ECF Nos. 222, 223. I took those motions under advisement pending resolution of the attorneys' fees and costs motions. ECF No. 240.

All post-judgment matters have been referred to me for a Report and Recommendation. ECF Nos. 209, 232. I previously recommended granting in part and denying in part Defendants' request for taxable costs. ECF No. 254. Plaintiff did not object to that recommendation. ECF No. 256.

## LEGAL PRINCIPLES

*A. Section 1988*

Generally speaking, in American litigation each party in a lawsuit bears its own attorney's fees. *See Buckhannon Bd. & Care Home, Inc. v. W. Va. Dep't of Health & Human Res.*, 532 U.S. 598, 602 (2001) (citing *Alyeska Pipeline Serv. Co. v. Wilderness Soc'y*, 421 U.S. 240, 247 (1975)). Title 42, United States Code, Section 1988 is an exception to that general rule. It states:

> In any action or proceeding to enforce a provision of sections 1981, 1981a, 1982, 1983, 1985, and 1986 of this title, title IX of Public Law 92–318 [20 U.S.C. 1681 et seq.], the Religious Freedom Restoration Act of 1993 [42 U.S.C. 2000bb et seq.], the Religious Land Use and Institutionalized Persons Act of 2000 [42 U.S.C. 2000cc et seq.], title VI of the Civil Rights Act of 1964 [42 U.S.C. 2000d et seq.], or section 12361 of title 34, the court, in its discretion, may allow the prevailing party, other than the United States, a reasonable attorney's fee as part of the costs, except that in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity such officer shall not be held liable for any costs, including attorney's fees, unless such action was clearly in excess of such officer's jurisdiction.

42 U.S.C. § 1988(b). Under Section 1988, "the court, in its discretion, may allow the prevailing party, other than the United States, a reasonable attorney's fee as part of the costs." 42 U.S.C. § 1988(b). Appellate attorneys' fees are recoverable under Section 1988. *Young v. New Process Steel, LP*, 419 F.3d 1201, 1204 (11th Cir. 2005). The party seeking fees bears the burden of proving entitlement and amount. *Am. Civil Liberties Union of Georgia v. Barnes,* 168 F.3d 423, 427 (11th Cir. 1999).

A district court has the discretion to award attorneys' fees to a prevailing defendant in a § 1983 action only after finding that the plaintiff's lawsuit was "frivolous, unreasonable, or without foundation, even though not brought in

subjective bad faith." *Christiansburg Garment Co. v. Equal Emp't Opportunity Comm'n*, 434 U.S. 412, 421 (1978); *Hughes v. Rowe*, 449 U.S. 5, 14 (1980); *see also Sullivan v. Sch. Bd. of Pinellas County*, 773 F.2d 1182, 1188 (11th Cir. 1985). Nevertheless, "[c]are must be taken to remain sensitive to the policy considerations militating against imposing fees on unsuccessful plaintiffs in discrimination claims which might 'discourage all but the most airtight claims' and 'undercut the efforts of Congress to promote the vigorous enforcement provisions of Title VII.'" *See Evans v. St. Lucie Cty. Sch. Dist.*, No. 2:17-CV-14450, 2019 WL 3997126, at *4 (S.D. Fla. Aug. 23, 2019) (J. Rosenberg) (quoting *Bonner v. Mobile Energy Servs. Co.*, 246 F.3d 1303, 1305 (11th Cir. 2001)).

> "In determining whether a suit is frivolous, 'a district court must focus on the question whether the case is so lacking in arguable merit as to be groundless or without foundation rather than whether the claim was ultimately successful.'" *Sullivan*, 773 F.2d at 1189 (quoting *Jones v. Texas Tech Univ.*, 656 F.2d 1137, 1145 (5th Cir. 1981)). The Eleventh Circuit explained in *Sullivan* that "[c]ases where findings of 'frivolity' have been sustained typically have been decided in the defendant's favor on a motion for summary judgment or a Fed. R. Civ. P. 41(b) motion for involuntary dismissal." *Id.* (explaining that "[i]n these cases, the plaintiffs did not introduce any evidence to support their claims" (citing *Beard v. Annis*, 730 F.2d 741 (11th Cir. 1984); *Jones v. Dealers Tractor & Equip. Co.*, 634 F.2d 180 (5th Cir. 1981); *Church of Scientology of California v. Cazares*, 638 F.2d 1272 (5th Cir. 1981); *Harris v. Plastics Mfg. Co.*, 617 F.2d 438 (5th Cir. 1980))). In contrast, "[i]n cases where the plaintiffs introduced evidence sufficient to support their claims, findings of frivolity typically do not stand." *Id.* (citing *White v. So. Park Indep. Sch. Dist.*, 693 F.2d 1163 (5th Cir. 1982); *Plemer v. Parsons-Gilbane*, 713 F.2d 1127 (5th Cir. 1983)).
>
> In determining whether a claim is frivolous, the court may consider the following three factors: "(1) whether the plaintiff established a prima facie case; (2) whether the defendant offered to settle; and (3) whether the trial court dismissed the case prior to trial or held a full-blown trial on the merits." *Id.* (citing *E.E.O.C. v. Kimbrough Inv. Co.*, 703 F.2d 98,

6

> 103 (5th Cir. 1983); *Jones*, 634 F.2d at 1146). Ultimately, "[d]eterminations regarding frivolity are to be made on a case-by-case basis." *Id.*

*Schere v. Sch. Bd. of Miami-Dade County, Florida*, 06-22653-CIV, 2007 WL 9705866, at *7 (S.D. Fla. Aug. 30, 2007) (J. Ungaro). As Judge Louis explained, "No one factor is dispositive, and the Court must consider the case as a whole and determine whether the claim was entirely without foundation. In determining whether a claim was frivolous, courts view the evidence in the light most favorable to the non-prevailing plaintiff." *Guevara v. Fla. E. Coast Ry., LLC.*, No. 18-CV-24726, 2020 WL 5578960, at *3 (S.D. Fla. Aug. 7, 2020) (J. Louis) (internal citations omitted), *report and recommendation adopted*, 2020 WL 5572100 (S.D. Fla. Sept. 17, 2020) (J. Smith).

Even if a defendant shows that it is entitled to fees under § 1988, the Court can reduce the otherwise-recoverable amounts based upon the non-prevailing party's inability to pay. *Chapman v. AI Transp.*, 229 F.3d 1012, 1039 (11th Cir. 2000)(en banc)("We hold that a non-prevailing party's financial status is a factor that a district court may, but need not, consider in its award of costs pursuant to Rule 54(d)."); *see also Durett v. Jenkins Brickyard, Inc.*, 678 F.2d 911, 917 (11th Cir. 1982) ("[W]e hold that a district court awarding attorney's fees to a prevailing Title VII defendant should consider . . . as a limiting factor, the plaintiff's financial resources."); *Baker v. Alderman*, 158 F.3d 516, 527 (11th Cir. 1998) ("The law in this circuit is clear that ability to pay should be considered in the award of attorney's fees under § 1988."). Before reducing fees based on financial status, the Court must require substantial

documentation of a true inability to pay. *See McGill v. Faulkner*, 18 F.3d 456, 459 (7th Cir. 1994) (non-prevailing party offered no documentary support, relying instead on "unsupported, self-serving statements"); *Cherry v. Champion Int'l Corp.*, 186 F.3d 442, 447 (4th Cir. 1999) (no reduction in cost award despite proof that plaintiff had "no independent income and owned no property in her own name" because she had "sufficient access to marital property" and a 401(k) plan).

B. *29 U.S.C. §1927*

Defendants also seek an award of fees and costs against Mr. Gilroy's counsel under 28 U.S.C. § 1927, which provides:

> Any attorney or other person admitted to conduct cases in any court of the United States or any Territory thereof who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct.

28 U.S.C. §1927. Here, too, Defendants bear the burden of justifying sanctions. *Mack v. Delta Air Lines, Inc.,* 1, 1:13-CV-1162-LMM, 2014 WL 12628621, at *15 (N.D. Ga. Nov. 26, 2014), *report and recommendation adopted*, 2015 WL 12862475 (N.D. Ga. Mar. 30, 2015), *aff'd*, 639 Fed. Appx. 582 (11th Cir. 2016). The Eleventh Circuit has described § 1927 as "penal," and thus it is strictly construed. *Id.* at *14.

Sanctions are available under § 1927 only upon a showing of bad faith. In examining whether conduct constitutes bad faith under § 1927, courts use an objective standard such that a "court may impose sanctions for egregious conduct by an attorney even if the attorney acted without the specific purpose or intent to

8

multiply the proceedings." *Amlong & Amlong, P.A. v. Denny's, Inc.,* 500 F.3d 1230, 1241 (11th Cir. 2007). As the Eleventh Circuit has summarized:

> To justify an award of sanctions pursuant to section 1927, an attorney must engage in unreasonable *and* vexatious conduct; this conduct must multiply the proceedings; and the amount of the sanction cannot exceed the costs occasioned by the objectionable conduct. For sanctions under section 1927 to be appropriate, something more than a lack of merit is required. *Id.* at 1129. The statute was designed to sanction attorneys who "willfully abuse the judicial process by conduct tantamount to bad faith."
>
> "Bad faith" is the touchstone. Section 1927 is not about mere negligence. A determination of bad faith is warranted where an attorney knowingly or recklessly pursues a frivolous claim or engages in litigation tactics that needlessly obstruct the litigation of non-frivolous claims.

*Schwartz v. Millon Air, Inc.,* 341 F.3d 1220, 1225–26 (11th Cir. 2003) (citations omitted) (emphasis in original).

## DISCUSSION

*A. Section 1988*

1. <u>Ability to Pay</u>

In his Response, Plaintiff summarily asserts an inability to pay prevailing party fees and costs. ECF No. 248 at 28–29. He cites only to interrogatory responses from 2017. I gave him leave to submit updated financial evidence, but he declined to do so. ECF No. 255. Because the record lacks "substantial documentation of a true inability to pay, I reject this argument. *See McGill,* 18 F.3d at 459; *Cherry* 186 F.3d at 447.

2. Frivolity

    a. *Sullivan* factors

None of the *Sullivan* factors favors Mr. Gilroy. Judge Martinez found that the Corrected Second Amended Complaint pled plausible *prima facie* § 1983 claims, but ultimately concluded that Mr. Gilroy could not prove one. At best for Plaintiff, this factor is neutral. No settlement offer was made.[2] The third *Sullivan* factor weighs against Mr. Gilroy because his claims were dismissed prior to trial. *See Evans*, 2019 WL 3997126, at *2 (citing S*ullivan*, 773 F.2d at 1189).

    b. Counts I and II

As Judge Brannon explained, Mr. Gilroy's § 1983 claims "depend on his assertion that Chief Baldwin was the final decisionmaker in his termination and, because the CSAB effectively rubberstamped his decision, Chief Baldwin was the de facto final policymaker regarding Gilroy's termination." ECF No. 194 at 12. Defendants dispute that Chief Baldwin was the ultimate policymaker:

> Here, Plaintiff's complaints of speech and association violations were at all time leveled against Chief Baldwin. However, Chief Baldwin was not the City's final policy maker because his termination decisions were subject to meaningful review by the City Manager and the CSAB., so there was no legal basis for municipal liability.

---

[2] The caselaw is unclear about whether the absence of a settlement offer favors a prevailing defendant or is a neutral factor. *Compare Quintana v. Jenne*, 414 F.3d 1306, 1310 (11th Cir. 2005) ("In the absence of evidence of an offer of a substantial amount in settlement, this factor does not support either party.") and *Evans,* 2019 WL 3997126 at *2 (same) *with Head v. Medford*, 62 F.3d 351, 356 (11th Cir. 1995) and *Perry v. Orange County*, 341 F. Supp. 2d 1197, 1211 (M.D. Fla. 2004) (second Sullivan factor cuts in favor of defendant who made no settlement offer). I need not resolve this inconsistency because my ultimate conclusion would be the same even if the second factor favored Defendants.

ECF No. 221 at 11. They claim that it was frivolous for Mr. Gilroy to pursue his alternative theory.

Defendants note, "[T]he Eleventh Circuit has defined the dispositive question of meaningful review as: whether the City delegated final, ultimate authority to a civil service board for the purpose of reversing or effectuating an employee's termination and, if so, whether it came to its conclusions independently or acted as a 'rubber stamp' for the person who terminated the employee." *Id.* Therefore, Mr. Gilroy's legal theory that the CSAB was a rubber stamp for Chief Baldwin is an accepted theory of liability. Nevertheless, Defendants argue it was frivolous to advance this theory on the facts of this case. I disagree.

Mr. Gilroy consistently argued that the CSAB was improperly appointed, so any of its actions, including reviewing Chief Baldwin's recommendation to fire Mr. Gilroy, were void *ab initio*. *See, e.g.,* DE 149 at 19 (motion for summary judgment). Although this legal argument ultimately did not prevail, it was not frivolous. "A legal claim is frivolous if no reasonably competent attorney could conclude that it has any reasonable chance of success or is a reasonable argument to change existing law. *In re BankAtlantic Bancorp, Inc. Sec. Litig.,* 851 F. Supp. 2d 1299, 1308 (S.D. Fla. 2011) (J. Ungaro), *aff'd sub nom. Hubbard v. BankAtlantic Bancorp, Inc.,* 503 Fed. Appx. 677 (11th Cir. 2012) (citing *Worldwide Primates, Inc. v. McGreal,* 87 F.3d 1252, 1254 (11th Cir. 1996)).

Defendants concede that there are no reported cases addressing whether an illegally-constituted oversight board can provide meaningful oversight. *Id.* They

11

argue, without citation, "If the civil service board was delegated final decision-making authority and acted independently, then for the purposes of *Monell*, it does not matter whether the selection of the civil service board violated the Florida Sunshine Law." *Id.* Given the absence of authority rejecting this argument, pursuing it was a reasonable attempt to change or clarify existing law, so it was not frivolous.

Chief Baldwin asserts that the claims against him were frivolous because he was not the final decisionmaker. Mr. Gilroy took the position that Chief Baldwin was the *de facto* final decisionmaker. This argument parallels the "cat's paw" theory of employment law liability, where a person who is not structurally the final decisionmaker is deemed to be the *de facto* decisionmaker because they exercise sufficient influence over the nominal decisionmaker. *Quintero v. Publix Super Markets, Inc.*, 18-CV-21615, 2020 WL 607117, at *23 (S.D. Fla. Feb. 7, 2020) (J. Gayles).

Defendants note that Mr. Gilroy originally conceded that the CSAB was the final decisionmaker, but later changed his theory. ECF No. 221 at 11. Mr. Gilroy responds that he modified his legal theory after obtaining additional facts through investigation and discovery. ECF No. 245 at 9–11. He points *inter alia* to the lack of any declaration from Mr. Bradshaw (or other affirmative evidence) saying he had approved the firing, a sworn declaration by Chief Baldwin that he terminated Mr. Gilroy's employment, other internal memoranda where Chief Baldwin said he had fired Mr. Gilroy. *Id.* Given this evidence, I cannot conclude that it was frivolous for Mr. Gilroy to argue that Chief Baldwin was the *de facto* final decisionmaker. *See In*

12

*re BankAtlantic Bancorp,* 851 F. Supp. 2d at 1308 ("A factual claim is frivolous if no reasonably competent attorney could conclude that it has a reasonable evidentiary basis, because it is supported by no evidence or only by "patently frivolous" evidence. When, however, the evidence supporting a claim is reasonable, but only weak or self-serving, sanctions cannot be imposed") (citations omitted).

    c. <u>Count III</u>

Defendants also argue that Mr. Gilroy's claim under Florida law for violation of his procedural due process rights were frivolous. This cause of action arose directly under the Florida Constitution and was heard pursuant to the Court's supplemental jurisdiction. *See* ECF No. 100 ¶98. It did not arise under §1983 or any other statute listed in § 1988. I need not address whether this claim was frivolous because Defendants have not cited a legal basis for an award of fees on Count III.

*B. Section 1927*

Defendants claim that Mr. Gilroy's counsel acted in bad faith by continuing to pursue litigation theories that (1) Chief Baldwin was the *de facto* final decisionmaker and (2) the CSAB was the final policymaker who could bind the City. ECF No. 238 at 19. For the reasons discussed above, these litigating positions were not frivolous or otherwise tantamount to bad faith.

## REPORT AND RECOMMENDATION

For the foregoing reasons, it is RECOMMENDED that the Renewed Motion for Attorney's Fees be DENIED.

## NOTICE OF RIGHT TO OBJECT

A party shall serve and file written objections, if any, to this Report and Recommendation with the Honorable Jose E. Martinez, United States District Judge for the Southern District of Florida, within **FOURTEEN (14) DAYS** of being served with a copy of this Report and Recommendation. Failure to timely file objections shall constitute a waiver of a party's "right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions." 11th Cir. R. 3-1 (2016).

**DONE and SUBMITTED** in Chambers at West Palm Beach, Palm Beach County, in the Southern District of Florida, this 15th day of December 2021.

_____
BRUCE E. REINHART
UNITED STATES MAGISTRATE JUDGE